**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br>　vs.<br><br>Richard and Ruth Aria, et al.<br><br>　　　　Defendants. | No. CV-94-1624-PCT-PGR<br><br>ORDER |

　　　　Pending before the Court is Defendants' Motion in Limine to Exclude Testimony from Plaintiffs' Three Newly-Retained Witnesses (doc. #320), wherein the Section 13 defendants, joined by defendant Robert Hall, seek to prevent William W. Johnson, Jr., who is a soil scientist, Sidney Davis, who is a soil scientist, and Marie Davis, who is a geologist/soil scientist, from testifying on behalf of the United States in the pending "mini-trial". Having considered the parties' memoranda and exhibits, the witnesses' testimony given at the Daubert hearing held on October 24, 2007, and the oral argument of counsel, the Court finds that the motion should be granted.

　　　　First, to the extent that the anticipated testimony of all three witnesses is meant to challenge the evidence presented by Dr. Jeffrey Keaton in the first trial in 1997, that testimony is untimely inasmuch as any such rebuttal evidence

should have been presented prior to the conclusion of the first trial.[1] The Court rejects the United States' contention that the defendants have reopened the door for the United States to rebut Dr. Keaton's 1996 reports and 1997 testimony because Dr. Keaton reviewed and resubmitted the contents of that evidence in his supplemental report dated May 24, 2007.

Second, none of the three witnesses qualify as an expert under <u>Daubert v. Merrell Dow Pharmaceuticals</u>, 509 U.S. 579 (1993), regarding the specific accretion/avulsion issues now being tried as they do not possess the requisite scientific, technical or other specialized knowledge of such issues, and they do not possess any professionally-based knowledge of the specific area of the Disputed Triangle.[2]

---

[1] Marie Davis' anticipated testimony is clearly untimely given that she testified at the <u>Daubert</u> hearing that she was asked by the United States solely to review Dr. Keaton's reports of March, 1996 and July, 1996 and to offer an opinion about the merits of those reports.

William Johnson's anticipated testimony is untimely to the extent that he testified at the <u>Daubert</u> hearing that his rebuttal report concerning Dr. Keaton's use of USDA soil surveys was based in part on his review of Dr. Keaton's 1996 reports.

While Sidney Davis' anticipated testimony is based on his review of Dr. Keaton's 2007 report, that report is mainly just a recap of Dr. Keaton's evidence presented in the first trial with the only new or updated information being limited to Dr. Keaton's review of now digitalized soil surveys for Mohave County and for Tunica County, Mississippi. Nothing in the compiled digital soil survey data changed Dr. Keaton's ultimate conclusion from that presented in the first trial.

[2] William Johnson testified at the <u>Daubert</u> hearing that prior to preparing his rebuttal report in this case he had never worked on an accretion or avulsion issue and could not even define the terms, that he was unaware of anybody who had issued an opinion on accretion and avulsion based on just soil survey information, and that he had not done any field work in connection with soil surveys in the Mohave Valley, and that he had not seen the Disputed Triangle.

Marie Davis testified at the <u>Daubert</u> hearing that she had never dealt

- 2 -

Third, the anticipated testimony from these witnesses would not be helpful to the Court under Fed.R.Evid. 702 and 703 with regard to the accretion/avulsion issues now being tried, particularly in view of the fact that the defendants are not basing Mr. Keaton's testimony on the use of soil surveys.  *See* Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579, 591 (1993) ("Expert testimony which does not relate to any issue in the case is not relevant, and ergo, non-helpful.").

Also pending before the Court is the United States' Motion in Limine to Exclude Keaton Testimony (doc. #319).  Having considered the parties' memoranda and the oral argument of counsel, the Court finds that the motion should be denied.  The gist of the motion is that Dr. Keaton's testimony regarding the USDA soil survey data he incorporated into his 2007 report should be excluded pursuant to Fed.R.Evid. 702 as neither relevant or reliable because such data is not appropriate for use in conducting site-specific geologic analysis. The Court is unpersuaded by the United States' argument because Dr. Keaton testified at his deposition that he did not utilize the soil survey data in a site-specific manner in reaching his conclusion that the changes in the land in the Disputed Triangle have occurred by avulsion.

Therefore,

IT IS ORDERED that Defendants' Motion in Limine to Exclude Testimony

---

with accretion or avulsion issues in the sense that those terms are being used in this case, that she had never done any work in the Colorado River area downstream of the Grand Canyon, that she had never done any work in the Mohave Valley, and that she had never seen the Disputed Triangle.

Sidney Davis testified at the Daubert hearing that he has never been involved in any work involving the determination of whether a particular parcel was formed by accretion in the sense being used in this case, that he had never done any work in the Mohave Valley, and that he had never visited the Disputed Triangle.

1 | from Plaintiff's Three Newly-Retained Witnesses (doc. #320) is granted and that
2 | William W. Johnson, Jr., Sidney Davis, and Marie Davis are all excluded from
3 | testifying during the pending "mini-trial".

    IT IS FURTHER ORDERED that United States' Motion in Limine to Exclude Keaton Testimony (doc. #319) is denied.

    DATED this 6th day of November, 2007.

*[signature]*
Paul G. Rosenblatt
United States District Judge